**Jimmy QUAN, Petitioner–Appellant,**

v.

**U.S. BUREAU OF PRISONS and D. Smith, Warden, Respondents–Appellees.**

No. 08–17676.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2010.*

Filed Oct. 28, 2010.

---

* The Honorable Donald W. Molloy, United States District Judge, District of Montana, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P.34(a)(2).

Jimmy Quan, Atwater, CA, pro se.

Jesse Gonzalez, U.S. Penitentiary, Atwater, CA, Mark J. Mckeon, Esquire, Assistant U.S., Office of the U.S. Attorney, Fresno, CA, for Respondents–Appellees.

Before: O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

## MEMORANDUM **

Federal prisoner Jimmy Quan appeals pro se from the district court's judgment denying, in part, his 28 U.S.C. § 2241 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

The Bureau of Prisons (BOP) contends that the district court lacked jurisdiction to consider Quan's petition under 28 U.S.C. § 2241. This contention fails because Quan currently challenges the manner in which his sentence was executed. *See Tucker v. Carlson,* 925 F.2d 330, 331 (9th Cir.1991) (stating that challenges to the manner in which a sentence was executed are maintainable only in habeas petitions filed under § 2241); *see also Rodriguez v. Smith,* 541 F.3d 1180 (9th Cir.2008) (granting a petition filed under § 2241 that challenged a BOP policy regarding the transfer of inmates to Residential Re-entry Centers).

Quan contends that the BOP continues to categorically refuse to consider placing prisoners in Residential Re-entry Centers (RRC) prior to their final six months of incarceration, in violation of 18 U.S.C. §§ 3621(b), 3624(c), and *Rodriguez.* This contention fails because Quan has not presented any evidence to support this claim.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Quan also contends that, under § 3621(b) and *Rodriguez*, the BOP is required to immediately assess him for placement in an RCC. This contention fails because § 3621(b) provides the BOP with *discretionary* authority to consider RCC placement for inmates prior to the last ten percent of the prison term. *See Rodriguez*, 541 F.3d at 1182–85.

Finally, Quan contends that the BOP is required to consider placing him in an RCC for the last ten percent of his sentence. While a true statement of law, *see id.* at 1184, Quan does not present any basis for relief because Quan concedes that he is not yet serving the last ten percent of the prison term. *See 18 Unnamed "John Smith" Prisoners v. Meese*, 871 F.2d 881, 882–83 (9th Cir.1989) (controversy required for claim to be ripe).

**AFFIRMED.**